CLARENCE H. VENNER, Doing Business under the Firm Name of C. H. VENNER & COMPANY, a Stockholder of the New York Central and Hudson River Railroad Company, on Behalf of Himself and Other Stockholders, Appellants, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY et al., Respondents.

*Venner* v. *N. Y. C. & H. R. R. R. Co.*,160 App. Div. 127, affirmed. (Argued January 13, 1916; decided January 25, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 24, 1914, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at Special Term on a motion for judgment on the pleadings as amended at the trial. The action is brought by the plaintiff as a stockholder of the New York Central and Hudson River Railroad Company, praying judgment that the agreement known as the " New York Central Lines Equipment Trust of 1913 " and all leases of equipment executed and all trust certificates issued pursuant to the terms of such agreement be declared invalid, null, void and of no effect and be canceled, and that the defendants be enjoined from carrying out the agreement and any leases executed thereunder and from executing any further leases or delivering any further equipment or making any further payments or issuing any further equipment trust certificates thereunder, and for an injunction. The contention of the plaintiff as set forth in his complaint is in substance that the equipment trust agreement is *ultra vires*, in that it makes the New York Central liable in certain contingencies for the debts of the other railroad corporations which are parties to the agreement, and involves a guaranty by the New York Central of covenants entered into in such agreement by the other railroad companies, parties thereto; and that the agreement also is unlawful, as in perpetuation and promotion of an illegal combination in restraint of trade and a monopoly.

*Elijah N. Zoline* and *William Alban Ulman* for appellants.

*Albert H. Harris, Thomas Emery* and *Alexander S. Lyman* for New York Central and Hudson River Railroad Company et al., respondents.

*Charles Howland Russell* for Guaranty Trust Company of New York, respondent.

*Per Curiam.* Judgment in favor of the defendants was granted upon the pleadings. The questions involved were discussed in the courts below and we think it is only necessary to comment upon the question in relation to which the courts below were not in agreement. That question relates to the claim of the plaintiff that the agreement referred to in the pleadings is *ultra vires* and illegal because it involves a guaranty by a corporation of the obligations of another corporation. We think that this claim involves a misapprehension of the true character of the obligation assumed by the six railroad corporations under the agreement. This agreement contemplates a conditional sale of railroad equipment. As was said by the learned justice at Special Term: "It is rather an agreement that in case one of the railway companies makes default in its obligation under the lease any of the others could step in and take the equipment allotted to the defaulting company by making good the rent in arrears. In other words the company so stepping in purchases by this method additional equipment for its own use and agrees to do so at the outset if such a contingency arises. This is a conditional purchase rather than a guaranty of a debt."

The judgment appealed from should be affirmed, with costs to each party appearing and filing a separate brief.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment affirmed.